In re RACUSINS, INC., Debtor.

Joseph R. GORMAN, Trustee, Plaintiff,

v.

ALDOFO, ASHFORD, BRONZINI, ROBERT BRUCE, CHARTWELL IND., Cliftex, Damon, Duffel, Eisenberg Int'l, Enco Shirt, Fidelity Sportswear, Gates Mills, Glen Eagle, Grief, Irving Grossman, John Hampton, Hart, Schaffner & Marx, Hathaway, Hegstran, Ltd., Hubbard Company, Intercontinental Impt., Harry Irwin, James Edmond, Ruby Jayman, Jockey Int'l, Joseph Feist, Lakeland Mfg., London Fog, Lord Jeff, Marcraft Clothes, Inc., Merona, Mirell, Meinhard–Allied Imp., Meinhard–Stanley Blacker, Meinhard–Casual Craft, Meinhard–Penn State, Pajama Craft, Principal Imports, Ratner, Reed Sportswear, Schoeneman, Shepard, Swank, Inc., Tallia Hartz, Tattersall Van Baalen, Weintraub, Wickburg, Zero King, Defendants.

Bankruptcy No. 5–86–00189.
Adv. No. 5–93–0084.

United States Bankruptcy Court,
M.D. Pennsylvania,
Wilkes–Barre Division.

April 28, 1994.

---

5. "Pre–Code law was silent on the dischargeability of liability for tax penalties." *Id.* at 1543.

Stephen Bresset, Honesdale, PA, for Joseph R. Gorman, Trustee.

Joseph R. Gorman, Trustee, Tunkhannock, PA.

Michele Tate, Chicago, IL, for Hart, Schaffner & Marx.

Lawrence C. Gottlieb and Kenneth A. Reynolds, Siegel, Sommers & Schwartz, New York City, for Damon, Enco Shirt, Schoeneman, Shepard, Cliftex, Grief and London Fog.

## OPINION AND ORDER

JOHN J. THOMAS, Bankruptcy Judge.

Defendant, Hart, Schaffner & Marx, (hereinafter "Defendant"), has filed the instant Motion to Dismiss the above-captioned complaint under Federal Rule of Civil Procedure 12(b)(6) and, in the alternative, a Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56, both of which are made applicable to bankruptcy proceedings by the Federal Rules of Bankruptcy Procedure. For the reasons provided herein, the Defendant's Motion is denied. Final trial is scheduled for this matter to be held on *Tuesday, August 2, 1994 at 10:00 o'clock A.M.* in Courtroom No. 1, Federal Building, 197 South Main Street, Wilkes–Barre, Pennsylvania.

There are essentially no disputed facts. Racusins, Inc. filed a Chapter 11 voluntary bankruptcy petition in 1986. Thereafter, the case was converted to one under Chapter 7 and the Plaintiff, Joseph Gorman, Esquire, (hereinafter "Plaintiff"), filed this instant action on April 19, 1993. The action is to recover alleged preferential payments made by the Debtor to the Defendants. Based upon the timing of the filing of the complaint, the Defendant moved the court for an order dismissing the action on the grounds that the "Debtor" was time-barred from filing his complaint against the Defendant because the complaint was filed more than two (2) years after the date the Debtor was named Debtor–In–Possession. The court notes that the Motion does not pray for any relief directed against the Trustee.

In support, the Defendant draws the court's attention to Section 546(a) of the Bankruptcy Code.

That section, in its entirety, provides as follows:

**§ 546. Limitations on avoiding powers.**

(a) An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of—

(1) two years after the appointment of a trustee under section 702, 1104, 1163, 1302, or 1202 of this title; or

(2) the time the case is closed or dismissed.

The Defendant further relies primarily upon a recent Third Circuit Court of Appeals decision in the case of *In re Coastal Group, Inc.,* 13 F.3d 81 (3rd Cir.1994). Defendant cites this case for the proposition that Section 546(a) applies to "Debtors-in-Possession" as well as the Trustee.

In the alternative, the Defendant argues that based upon *In re Timothy F. Lyons,* 130 B.R. 272 (Bankr.N.D.Ill.1991) and *In re Sandra Cotton, Inc.,* 92 B.R. 595 (Bankr. W.D.N.Y.1988), that the conversion of this case from one chapter to another had no effect on the tolling of the statute of limita-

tions as provided in Section 546(a) and, therefore, even though the Trustee filed his complaint within two (2) years from the date of his original appointment, the complaint was beyond the statute of limitations as provided in Section 546(a).

The Plaintiff argues that the operative date found in Section 546(a) is two (2) years after the "appointment" of the Trustee and because the Trustee was appointed in 1993, the complaint was timely filed.

Based upon the above arguments, the court will now analyze the instant case under the dictates of Federal Rules of Civil Procedure 56(c) and 12(b)(6).

■ Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, which is made applicable to this proceeding through Bankruptcy Rule 7056, summary judgment may be entered only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Hollinger v. Wagner Mining Equipment Co.,* 667 F.2d 402, 405 (3d Cir.1981); *Franklin Federal Savings & Loan Association of Wilkes–Barre v. Ripianzi (In re Ripianzi),* 27 B.R. 15 (Bankr.M.D.Pa.1982). Additionally, "the moving party has the burden of demonstrating the absence of any material factual issue genuinely in dispute." *In re Euro–Swiss Int'l Corp.,* 33 B.R. 872 (S.D.N.Y.1983). The plaintiff must "do more than whet the curiosity of the court, he must support vague accusations and surmise with concrete particulars." See *In re Euro–Swiss Int'l Corp.,* citing *Applegate v. Top Associates,* 425 F.2d 92, 96 (2d Cir.1970). The Third Circuit has made it clear "that courts are to resolve any doubts as to the existence of genuine issues of fact against moving parties." *Hollinger, supra; Ness v. Marshall,* 660 F.2d 517, 519 (3d Cir.1981). In addition, "[i]nferences to be drawn from the underlying facts contained in evidential sources submitted to the trial court must be viewed in light most favorable to the party opposing the motion." *Goodman v. Mead Johnson Co.,* 534 F.2d 566, 573 (3d Cir.1976), *cert.*

*denied,* 429 U.S. 1038, 97 S.Ct. 732, 50 L.Ed.2d 748 (1977).

We find much guidance when confronted with a 12(b)(6) Motion in 2A Moores Federal Practice, § 12.07[2.–5] at page 12–63 et seq. wherein we find the following:

### Failure To State a Claim Upon Which Relief Can Be Granted.

A motion to dismiss for failure to state a claim upon which relief can be granted performs substantially the same function as the old common-law demurrer. A dismissal under this provision is on the merits and is accorded res judicata effect. For this reason, dismissal under subdivision (b)(6) is generally disfavored by the courts.

The burden of demonstrating that no claim has been stated is upon the movant. In determining the motion, the court must presume all factual allegations of the complaint to be true and all reasonable inferences are made in favor of the non-moving party. However, legal conclusions, deductions or opinions couched as factual allegations are not given a presumption of truthfulness.

Generally, the allegations of a complaint are to be liberally construed. This is especially true when the complaint is made pro se.

After thus construing the complaint, the court should deny a motion to dismiss for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief". In *Scheuer v. Rhodes,* the Supreme Court stated:

When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test. Moreover, it is well established that, in passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter or failure to state a

cause of action, the allegations of the complaint should be construed favorably to the pleader.

In making this determination, the likelihood that plaintiff will prevail is immaterial, as is the fact that the requested relief is inappropriate, or the legal theories have been miscategorized.

The court may not consider any material other than the pleadings in determining a motion under subdivision (b)(6) unless it converts the motion into a motion for summary judgment under Rule 56.... {Citations omitted.}

The question for determination in *In re Coastal, supra,* was whether the two (2) year limitations period found in Section 546(a)(1) of the Bankruptcy Code applied to "Debtors-in-Possession" or only to Trustees. The Court held that Section 546(a)(1) does indeed apply to "Debtors-in-Possession" as well as Trustees. The other Circuit Courts of Appeals to address that issue namely, *In re Softwaire Centre Int'l, Inc.,* 994 F.2d 682 (9th Cir.1993); *Zilkha Energy Co. v. Leighton,* 920 F.2d 1520 (10th Cir.1990), both drew the same conclusion.

The fact patterns of those cases, however, are distinguishable from the instant case. Those cases dealt with Chapter 11 "Debtors-in-Possession" who, pursuant to 11 U.S.C. § 1107(a), are the functional equivalent of an appointed Trustee. See *Zilkha Energy Co., supra.* All three courts held that the statute of limitations as provided in Section 546(a)(1) had expired when the Debtor–In–Possession filed its complaint after two (2) years from the date of the filing of the original petition.

In the instant case, however, we are not dealing with a Debtor–In–Possession, but, rather, an appointed Trustee in a Chapter 7 case. The court agrees that a policy of the Bankruptcy Code is to put Chapter 11 "Debtors–In–Possession" in the shoes of a Trustee when none is appointed. Indeed, 11 U.S.C. § 1107(a) provides as such. But Debtors, Chapter 7 Trustees, and Debtors–In–Possession all wear different hats.

▪ Under Section 546(a), the two (2) year period begins to run from the date the permanent Trustee is appointed, which date is determined by operation of law pursuant to 11 U.S.C. § 702(d). See *In re Coin Phones, Inc.,* 153 B.R. 135 (Bankr.S.D.N.Y.1993); *In re M & L Business Machines, Inc.,* 153 B.R. 308 (D.Colorado 1993); and *In re SSS Enterprises, Inc.,* 145 B.R. 915 (Bankr.N.D.Ill. 1992). This court is well aware of the policy arguments concerning statute of limitations that litigation and the threat of litigation should have a sense of finality. The arguments are well-articulated in *In re Timothy F. Lyons, supra* and *In re Sandra Cotton, Inc., supra.* These cases represent the minority view in that they find that a successor Trustee is not afforded a new two (2) year period to bring an action if the time to do so had already expired on a predecessor Trustee.

However, as the *In re SSS Enterprises, Inc.* court, *supra,* indicates, there is a "stronger countervailing policy of enabling bankruptcy Trustees to perform their jobs." The majority view is that even in cases converted from one chapter to another with the appointment of a Trustee in each case, the date of the latter appointment controls. See *In re M & L Business Machines, Inc., supra* at page 310 and 311. (Citations omitted). Neither *In re Coastal* or the cases cited therein dealt with the conversion scenario or with the question of the effect of the appointment of a Trustee in a Chapter 11 case more than two (2) years after the case was filed. With the majority of the courts holding that the two (2) year limitations period begins with the appointment of the second Trustee in converted cases (*In re M & L Business Machines, Inc., supra,* at page 310) this Court sees no reason why that majority view should not be extended to the instant case where there was no Chapter 11 Trustee but, rather a Debtor–In–Possession followed by a conversion to a Chapter 7 and the appointment of a Chapter 7 Trustee.

Consequently, based upon the foregoing, the court determines that the Defendant's Motion for Summary Judgment and Motion to Dismiss are hereby denied.