In re COLONIAL REALTY COMPANY, Jonathan Googel, Benjamin Sisti, Consolidated Debtors.

Hal M. HIRSCH, Trustee, Plaintiff,

v.

Joseph HARPER, Defendant.

Bankruptcy No. 2–90–01980.
Adv. No. 2–93–2316.

United States Bankruptcy Court, D. Connecticut.

June 3, 1994.

Pamela J. Varin, Gainsburg & Hirsch, Hartford, CT, for plaintiff-trustee.

William J. Sweeney, Jr., Silver, Webb, Sweeney & Griffen, New Britain, CT, for defendant.

*RULING AND ORDER ON DEFEN-DANT'S MOTIONS TO DISMISS OR FOR A MORE DEFINITE STATE-MENT AND MOTION FOR SUM-MARY JUDGMENT*

ROBERT L. KRECHEVSKY, Chief Judge.

## I.

### ISSUE

In this adversary proceeding filed October 15, 1993, Hal M. Hirsch (Hirsch), trustee of the consolidated estate of Colonial Realty Company ("Colonial"), Jonathan Googel ("Googel"), and Benjamin Sisti ("Sisti") (together, the "debtors"), seeks the return of transfers totaling not less than $5,000 (the "transfers") allegedly made by Sisti to the defendant, Joseph Harper. Pending before the court is the defendant's second motion to dismiss (which the court treats as including any arguments in the defendant's first motion not mooted by the amended complaint). The defendant's first motion, filed on November 19, 1993, requested dismissal of the original complaint for failure to state a claim upon which relief may be granted, Fed.R.Civ.P. 12(b)(6), *incorporated by* Fed.R.Bankr.P. 7012(b), lack of subject matter jurisdiction, Fed.R.Civ.P. 12(b)(1), and failure to plead fraud with the specificity required by Fed. R.Civ. 9(b), *incorporated by* Fed.R.Bankr.P. 7009. The defendant also moved for summary judgment on the last count of the origi-

nal complaint, contending no material issue of fact or law existed precluding judgment on that count.

The trustee, on December 29, 1993, filed an amended complaint together with his memorandum in opposition to the defendant's first motion. The defendant responded on January 31, 1994 with a second motion to dismiss the amended complaint for failure to state a claim. In the event the court denies the motion to dismiss, the defendant requests alternatively that the court order the trustee to make his amended complaint more specific pursuant to Fed.R.Civ.P. 12(e).

## II.

### BACKGROUND

On September 14, 1990 involuntary Chapter 7 petitions were simultaneously filed against the debtors. The court entered an order for relief in the Colonial case on September 27, 1990 and converted the Colonial case to Chapter 11. An order for relief entered on April 5, 1991 in the Sisti and Googel cases, and they also immediately converted their cases to Chapter 11. The court reconverted the Colonial case to Chapter 7 on May 24, 1991, and on July 12, 1991 Hirsch became the permanent trustee in that case. Effective August 24, 1991, the court reconverted the Googel and Sisti cases to Chapter 7 and substantively consolidated the cases with the Colonial case. The U.S. Trustee named Hirsch interim trustee of the consolidated estate, and Hirsch became permanent trustee on October 17, 1991.[1]

The trustee filed this adversary proceeding against the defendant on October 15, 1993. The original five-count complaint sought to avoid the transfers based on the Uniform Fraudulent Transfer Act (UFTA), Conn.Gen. Stat. § 52–552a to 552l, and common-law unjust enrichment. The final count of the original complaint sought to have any judgment rendered on any of the first four counts constitute a basis to disallow, pursuant to Code § 502(d), any claim the defendant may have filed against the debtors' consolidated estate.[2] The defendant's grounds for dismissing the original complaint were that (1) the trustee's UFTA claims did not state a cause of action because the predicate transfers predated the effective date of UFTA; (2) the complaint was untimely filed; and (3) the trustee failed to plead fraud with the specificity required by Fed.R.Bankr.P. 7009 and Fed.R.Civ.P. 9(b). The defendant moved for summary judgment on the last count on the ground that he had not filed any claim against the consolidated estate.

Because the defendant had not filed a pleading responsive to the original complaint before the trustee filed his amended complaint, the trustee had the right to amend his complaint,[3] and the defendant's motions test the sufficiency of the amended complaint. *See Bennett v. Genoa Ag Ctr., Inc. (In re Bennett)*, 142 B.R. 616, 618 (Bankr.N.D.N.Y. 1992) (motion to dismiss weighed against sufficiency of amended complaint because amended complaint purported to cure perceived pleading defects); 6 Charles A. Wright, Arthur R. Miller, & Mary K. Kane, *Federal Practice and Procedure* § 1476, at 558 (1990) (court need not grant motion to dismiss against original complaint when amended complaint purports to cure the defects of the earlier pleading).

In Count I of the amended complaint the trustee asserts that the transfers, pursuant to Code § 544 and Conn.Gen.Stat. § 52–552 (repealed 1991),[4] constituted a fraudulent conveyance as made with "actual intent to

---

1. Attached as Appendix A is a list of the relevant dates and actions in the debtors' bankruptcy cases.

2. Section 502(d) authorizes the court to disallow any claim of an entity that is a transferee of an avoided transfer unless the entity has returned the avoided transfer.

3. Fed.R.Civ.P. 15(a), incorporated by Fed.R.Bankr.P. 7015, permits the plaintiff to amend his complaint "once as a matter of course at any time before a responsive pleading is served...."

Neither a motion to dismiss nor a motion for summary judgment is usually considered a responsive pleading for the purpose of barring the plaintiff from amending his complaint once as of right. *Centifanti v. Nix*, 865 F.2d 1422, 1431 (3d Cir.1989); *McDonald v. Hall*, 579 F.2d 120, 121 (1st Cir.1978).

4. Section 52–552 provided:

All fraudulent conveyances, suits, judgments, executions or contracts, made or contrived with intent to avoid any debt or duty belonging

avoid any debt or duty," without any "substantial consideration to the Debtors," and made when the debtors were insolvent or were rendered insolvent as a result of the transfer. Amended Complaint ¶¶ 64–67. Count II adds 12 U.S.C. § 1821(d)(17) as an alternate basis for recovery. Count III asserts a third basis for return of the transfers on a theory of unjust enrichment. The trustee alleges that Sisti made the transfers within four years of the commencement of the debtors' cases, in return for the defendant's influence in winning a highway construction project sought by Colonial.[5]

In his motion to dismiss the amended complaint, the defendant renews his contentions that the trustee's avoidance action was not timely filed and that the amended complaint does not plead fraud with sufficient particularity. The defendant seeks dismissal of Count II of the amended complaint on the additional ground that the transfers predated the effective date of the FDIC's fraudulent conveyance statute, § 1821(d)(17). In the event his motion to dismiss was denied, the defendant moved alternatively under Fed. R.Civ.P. 12(e) [6] for a more definite statement.

## III.

### DISCUSSION

#### A.

##### Section 546(a) limitation period

The defendant contends, on three grounds, that the trustee's avoidance action was not timely filed:

1. *July 12, 1991 as the starting date under § 546(a).*

The defendant argues first that the avoidance action must be dismissed because the complaint "was not filed within two years after Plaintiff's appointment as permanent trustee as required by [Code § 546(a)]." Defendant's Brief at 15. The trustee argues in opposition that the complaint was filed within the applicable two-year period for filing this complaint.

Section 546(a) provides:

(a) An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of—

(1) two years after the appointment of a trustee under section 702, 1104, 1163, 1302, or 1202 of this title; or

(2) the time the case is closed or dismissed.

11 U.S.C. § 546(a). Code § 702(d), the section under which the trustee was appointed in the debtors' cases, provides that unless the creditors elect a substitute trustee at the Code § 341 creditors meeting, the "interim trustee shall serve as trustee in the case." 11 U.S.C. § 702(d). Neither party disputes that when a trustee is appointed under § 702, he is appointed for the purposes of § 546(a)(1) when he becomes permanent trustee of the estate. This occurs when ei-

---

to others, shall, notwithstanding any pretended consideration therefor, be void as against those persons only, their heirs, executors, administrators or assigns, to whom such debt or duly belongs.

Conn.Gen.Stat. § 52–552 (repealed 1991).

5. The amended complaint alleges the following regarding the transfers:

59. In the early 1970s, SISTI, then working as an aide to the Mayor of New Britain, Connecticut, was introduced to HARPER.

60. Thereafter, SISTI left his job with the City of New Britain, and HARPER eventually became the aide to a subsequent mayor. HARPER left that job when he was elected to the state legislature as a representative, where he now serves in the capacity of state senator.

61. In or around late 1988–early 1989, COLONIAL sought to obtain a contract from the State of Connecticut to develop and construct a highway overpass in New Britain. In connection therewith, SISTI and HARPER had several meetings, at which SISTI made certain transfers as described herein.

62. Thereafter, COLONIAL was awarded the project in New Britain.

63. Within four years prior to the Filing Date, SISTI made cash payments to or for the benefit of the Defendant in amounts totaling not less than FIVE THOUSAND ($5,000.00) DOLLARS (the "Transfers").

Amended Complaint ¶¶ 59–63.

6. Rule 12(e) provides, in pertinent part:

If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading.

Fed.R.Civ.P. 12(e).

ther the creditors elect a different trustee at the § 341 creditors meeting or, if the creditors do not elect a different trustee, when the interim trustee thereby becomes permanent trustee. *See, e.g., Salomon v. Pan American World Airways (In re Black & Geddes, Inc.),* 35 B.R. 827, 828–29 (Bankr.S.D.N.Y.1983).

The defendant asserts that "[t]he first meeting of creditors was held on July 12, 1991, on which date the Plaintiff became the permanent trustee[ ]. Accordingly, under [§ 546(a) ], the two year limitations period ... commenced on July 12, 1991." Defendant's Brief at 13 (citation omitted). The trustee, on the other hand, asserts that October 17, 1991, the date he became permanent trustee of the consolidated estate, is the appropriate date from which to measure the bar date under § 546(a). Trustee's Brief at 6.

The amended complaint alleges that it was Sisti who made the transfers to the defendant. The July 12, 1991 date the defendant argues as the starting point for the two-year limitation period is the date that the § 341 creditors meeting was held in the Colonial case. Hirsch, however, became permanent trustee only in the Colonial case on July 12. The court had reconverted the Colonial case to Chapter 7 on May 24, 1991, and the U.S. Trustee had then selected Hirsch as interim trustee for that case only. When the July 12, 1991 creditors meeting was held in the Colonial case and Hirsch became permanent trustee of the Colonial estate, the Sisti and Googel cases remained Chapter 11 cases with Sisti and Googel the debtors in possession. No trustee had been appointed in the Sisti (or Googel) case before Sisti and Googel voluntarily converted their cases from Chapter 7 to Chapter 11 on April 5, 1991. Because the complaint alleges that Sisti, not Colonial, made the transfers, the defendant offers no valid reason why July 12, 1991 should be the applicable starting date under § 546(a)(1) for an action based on an avoidable transfer made by Sisti.

As for the Sisti case, the court ordered on June 28, 1991 that the case be reconverted from Chapter 11 to Chapter 7, with entry of the conversion order stayed until August 15, 1991, the date planned for the cases' substantive consolidation. The court subsequently extended the stay of the conversion to August 24, 1991, on which date the court simultaneously converted the Sisti and Googel cases to Chapter 7 and substantively consolidated them with the Colonial case. The court further ordered a final accounting for the original Colonial case, and the U.S. Trustee appointed Hirsch interim trustee of the consolidated estate on the same date. Hirsch became permanent trustee on October 17, 1991 after the § 341 creditors meeting. Thus, no trustee was ever appointed in the Sisti and Googel cases prior to the cases being substantively consolidated with the Colonial case. Because the defendant, in arguing that July 12, 1991 is the appropriate appointment date for the starting of the § 546(a)(1) limitation period for this adversary proceeding, overlooks the fact that Hirsch was appointed trustee only in the Colonial case on that date, the defendant's objection necessarily fails on this ground.

*2. September 27, 1990 as the starting date under § 108(a).*

The defendant next argues that Count I of the amended complaint must be dismissed because it was not filed, pursuant to Code § 108(a), within two years after the order for relief was entered in the Colonial case on September 27, 1990 and in the Sisti and Googel cases on April 5, 1991.[7] Section 108(a), however, does not apply to the cause of action asserted in Count I because the trustee is bringing Count I on behalf of the creditors of the estate, not on behalf of the debtors.[8] When the trustee asserts an avoid-

---

7. The defendant does not argue here that Count I is time barred because the action could not have been timely commenced by an unsecured creditor under applicable law as of the commencement of the case. *See, e.g., Hirsch v. Marinelli (In re Colonial Realty Co.),* 168 B.R. 506 (Bankr. D.Conn.1994) (trustee may assert on behalf of creditors only those causes of action that could

have been timely commenced by the creditors as of the commencement of the bankruptcy case).

8. Section 108(a) provides, in pertinent part:

If applicable nonbankruptcy law ... fixes a period within which the debtor may commence an action, and such period has not expired before the date of the filing of the

ance action under § 544(b) on behalf of creditors of the estate, the limitation period fixed by § 546(a) applies, not § 108(a), which applies to actions asserted on behalf of the debtor. *See Mancuso v. Continental Bank N.A. Chicago (In re Topcor, Inc.)*, 132 B.R. 119, 126 (Bankr.N.D.Tex.1991) ("[T]he two limitations provisions of [§§ 108(a) and 546(a)] relate to different causes of action: § 108(a) involves trustees' actions brought on behalf of the debtor, whereas § 546(a) limits the time a trustee has to commence an avoidance action as a representative of the estate.") (citation omitted); *Balaber–Strauss v. GTE Supply Corp. (In re Coin Phones, Inc.)*, 153 B.R. 135, 142 (Bankr.S.D.N.Y.1993) ("[T]he two-year maximum tolling of the statute of limitations that the trustee receives as a result of [§ 108(a)(2)] is significantly different from the two year statute of limitations governing avoidance actions that a trustee has pursuant to [§ 546].") H.R.Rep. No. 595, 95th Cong., 1st Sess. 318 (1977) 1978 U.S.Code Cong. & Admin.News 5787, 6275 ("[Section 108] ... permit[s] the trustee, when he steps into the shoes of the debtor, an extension of time for filing an action...."); 2 *Collier on Bankruptcy* ¶ 108.02, at 108–3 (Lawrence P. King, ed. 1994) ("[Section 108] operate[s] to extend time periods for actions taken on behalf of the estate by the trustee."); *but see Campbell v. Carroll Indus., Inc. (In re Carroll Indus., Inc.)*, 153 B.R. 100, 102 (Bankr.D.N.H.1993) (applying two-year tolling period of § 108(a) to action brought under § 544(b)).

*3. October 17, 1991 as the starting date under § 546(a).*

■ The defendant also objects to the trustee's contention that October 17, 1991, the date the trustee became permanent trustee of the consolidated estate, is the relevant date for the start of the two-year period established by § 546(a). The defendant cites *Strell v. Weston (In re Sandra Cotton, Inc.)*, 92 B.R. 595 (Bankr.W.D.N.Y.1988), *rev'd*, No. 88–1013E, 1989 WL 98851 (W.D.N.Y.1989),

for the proposition that the appointment of a successor trustee does not activate a new two-year period by which an action under § 544 must be brought. The bankruptcy court's holding in *Sandra Cotton*, in addition to being reversed by the district court, is inapposite to the present issue. *Sandra Cotton* held that the reappointment of a trustee upon the conversion of a case from Chapter 11 to Chapter 7 does not trigger a new two-year limitation period. *Id.* at 597. This holding does not apply to the present adversary proceeding because only one trustee was ever appointed in the Sisti case. The issue here does not involve the reappointment of a trustee upon conversion of the case from Chapter 11 to 7, but rather the appointment of a trustee after the debtor has served as Chapter 11 debtor in possession.

The Second Circuit, in *In re Century Brass Prods., Inc.*, 22 F.3d 37 (2d Cir.1994), recently considered the appropriate limitation period for an avoidance action. In *Century Brass*, the debtor had commenced its Chapter 11 case on March 15, 1985, and it remained as debtor in possession throughout the case. The court, on September 14, 1989, confirmed a liquidating plan under which a plan administrator was appointed to oversee the liquidation. The plan administrator, on September 12, 1990, filed an adversary proceeding under Code § 547 to avoid a preferential payment made to the defendant. The defendant unsuccessfully moved to dismiss the action as untimely. On appeal, the Second Circuit reversed this bankruptcy court and the district court and held that "§ 546(a) applies to preference-avoidance actions brought by [debtors in possession (DIPs)] as well as to those brought by trustees." *Id.* 22 F.3d at 39. The court "conclude[d] that for the DIP, the limitations period begins when the debtor files its petition and becomes a DIP under [Code] § 1101." *Id.* 22 F.3d at 40.

*Century Brass* only held, as every other circuit court considering the issue has held,[9]

petition, the trustee may commence such action only before the later of—
(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or

(2) two years after the order for relief.
11 U.S.C. § 108(a).

**9.** *See In re Coastal Group Inc.*, 13 F.3d 81 (3d Cir.1994); *In re Softwaire Centre Int'l, Inc.*, 994

that the limitation period of § 546(a)(1) applies to debtors in possession and that when no trustee is appointed in a Chapter 11 case, the starting date for the two-year period is the date the voluntary Chapter 11 case commenced. The court reserved decision on the present issue of what effect, if any, the appointment of a trustee would have on the limitation period. *Id.* 22 F.3d at 40.[10]

The several courts considering this issue have reached differing results. A Utah bankruptcy court, in *Gillman v. Swire Pacific Holdings, Inc. (In re D–Mart Servs., Inc.),* 138 B.R. 985 (Bankr.D.Utah 1992), has held that the subsequent appointment of a trustee in a case commenced under Chapter 11 generates a new two-year period under § 546(a). The debtor in *D–Mart* had filed for reorganization on December 29, 1987 and operated thereafter as debtor in possession. The case was converted to Chapter 7 seven months later, on July 12, 1988, and a Chapter 7 trustee was appointed. The trustee filed several adversary proceeding on July 11, 1988 seeking to avoid preferential transfers. These proceedings were filed more than two years from commencement of the Chapter 11 case, but less than two years from conversion to Chapter 7 and appointment of the trustee. The bankruptcy court, noting that the Tenth Circuit had reserved decision in *Zilkha* on whether the subsequent appointment of a trustee in a Chapter 11 case would affect the § 546(a) limitation period,[11] ruled that such an appointment would begin a new two-year

period by which avoidance actions must be brought. *Id.* at 989.

Three other courts have come to the same conclusion as the *D–Mart* court. *See Daff v. Regal Recovery Inc. (In re Continental Capital & Credit, Inc.),* 158 B.R. 828 (Bankr. C.D.Cal.1993) (holding, on facts similar to those in *D–Mart,* that the § 546(a) limitation period runs from appointment of Chapter 7 trustee after case was converted from Chapter 11); *Sapir v. Green Forest Lumber Ltd. (In re Ajayem Lumber Corp.),* 145 B.R. at 816 (adopting conclusions of *D–Mart* ); *In re Carroll Indus.,* 153 B.R. at 102 (holding that for causes of action not time barred as of the date of the trustee's appointment, the limitation period is tolled for an additional two years from the date of appointment). *Cf. also In re San Joaquin Roast Beef,* 7 F.3d 1413, 1416–17 (9th Cir.1993) (holding, in a case where a Chapter 11 trustee was appointed after a period during which the debtor had operated as debtor in possession, that a Chapter 11 trustee has two years from the date of his appointment, not from the commencement of the Chapter 11 case, to bring avoidance actions); *In re MortgageAmerica Corp.,* 831 F.2d 97, 98 (5th Cir.1987) (same); *Reese v. First Tennessee Bank, N.A. (In re Brook Meade Health Care Ctr., Inc.),* 165 B.R. 195, 197 (Bankr.M.D.Tenn.1994) (same).

One California bankruptcy court has come to the opposite conclusion. In *Dumas v. Research Testing Lab, Inc. (In re EPI Prods. USA, Inc.),* 162 B.R. 1 (Bankr. C.D.Cal.1993), the relevant facts where the

F.2d 682 (9th Cir.1993); *Zilkha Energy Co. v. Leighton,* 920 F.2d 1520 (10th Cir.1990).

**10.** The *Century Brass* court stated:

[The] argument that subjection of a DIP to § 546(a)'s two-year statute of limitations would create an anomaly if a bankruptcy trustee were appointed more than two years after the petition was filed is an interesting one. However, since no trustee was ever appointed in the present case, we need not decide whether such an appointment might revive a claim that the DIP itself would have been barred from bringing.

*Id.* While the court discussed this potential anomaly in the context of a trustee being appointed *more* than two years after the debtor filed its Chapter 11 petition, it is unclear whether

the court meant to distinguish that context from the situation where a trustee was appointed *less* than two years from the filing date. *See Sapir v. Green Forest Lumber Ltd. (In re Ajayem Lumber Corp.),* 145 B.R. 813, 816–17 (Bankr.S.D.N.Y. 1992) (discussing distinction but concluding that result would not be different under either situation).

**11.** The Tenth Circuit had stated in *Zilkha:*

We take no position on whether a subsequent appointment of a trustee in a chapter 11 case would change the analysis. While we perceive that to be a distinguishable circumstance requiring a different analysis, we leave the issue for a case in which that situation arises.

920 F.2d at 1524 n. 11 (citing *Boatman v. E.J. Davis Co. (In re Choice Vend, Inc.),* 49 B.R. 719 (Bankr.D.Conn.1985)).

same as in *D–Mart:* The debtor had commenced a Chapter 11 case and operated as debtor in possession for fourteen months until the case was converted to Chapter 7 and a trustee was appointed. No trustee had been appointed while the case was in Chapter 11. The trustee filed an adversary proceeding to recover preferential transfers more than two years from the commencement of the case, but less than two years from his appointment. Relying principally on *In re San Joaquin Roast Beef* (which held only that the appointment of a second trustee does not generate a new two-year limitation period), the court ruled that the two-year period ran from the date the case was commenced, instead of when the Chapter 7 trustee was appointed. *Id.* at 4.

In the present case, Hirsch became permanent trustee of the consolidated estate approximately seven months after the Sisti case was converted to Chapter 11 and approximately thirteen months after the debtors' cases were commenced. Any causes of action assertable by the debtor in possession under § 544(b) had not expired before Hirsch was appointed trustee of the consolidated estate. On these facts, the court agrees with the cases ruling that in a Chapter 11 debtor-in-possession case, the appointment of a trustee upon conversion of the case to Chapter 7 resets the two-year period provided by § 546(a)(1) by extending the period's starting date to the trustee's appointment date. To the extent that the court's ruling conflicts with the decision in *EPI Products,* the court declines to follow that case because it relies upon a questionable reading of *San Joaquin Roast Beef,* a case that only considered the appropriate limitation period when a second trustee is appointed, not when an initial trustee succeeds a debtor in possession. The court therefore concludes that October 17, 1991, the date Hirsch became permanent trustee of the consolidated estate and thus the first date that he was empowered to bring an avoidance action on behalf of Sisti's creditors, is the relevant date for the purpose of determining whether the avoidance actions in this adversary proceeding were timely filed under § 546(a).

■ The court recently determined that Fed.R.Bankr.P. 9006(a) applies to the time limitations of § 546(a). As a result, the two-year period begins to run one day after the day that the trustee is appointed. *See Boatman v. Furnia (In re Sutera),* 157 B.R. 519, 523 (Bankr.D.Conn.1993). October 18, 1991 thereby becomes the first day of the two-year period, making the trustee's October 15, 1993 complaint timely filed.

### B.

*Pleading fraud with sufficient particularity and request for more definite statement*

■ The defendant argues that the amended complaint still fails to plead fraud with sufficient particularity. After an examination of the amended complaint, the court concludes that the trustee has pleaded fraud with the requisite specificity for complaints filed by bankruptcy trustees. *See Harrison v. Entertainment Equities, Inc. (In re Rave Communications, Inc.),* 138 B.R. 390, 396 (Bankr.S.D.N.Y.1992) (discussing the "relaxed ... standard for pleading fraud in bankruptcy cases"); *Hassett v. Zimmerman (In re O.P.M. Leasing Servs., Inc.),* 32 B.R. 199, 203–04 (Bankr.S.D.N.Y.1983) (stating that "greater liberality should be afforded in the pleading of fraud in a bankruptcy case[ ]" because the trustee is often "plead[ing] fraud based on secondhand knowledge"). The complaint meets the requirements of Fed.R.Bankr.P. 7009 because it provides the defendant with fair notice of the trustee's claim and allows him to prepare an answer to the allegations. *See, e.g., id.*

The court also finds no basis for requiring the trustee to make the amended complaint more specific. The amended complaint is not "so vague or ambiguous that [the defendant] cannot reasonably ... frame a responsive pleading." Fed.R.Civ.P. 12(e). *See also Pereira v. Centel Corp. (In re Argo Communications Corp.),* 134 B.R. 776, 798 (Bankr. S.D.N.Y.1991).

### C.

*12 U.S.C. § 1821(d)(17)*

■ The defendant moves to dismiss Count II of the amended complaint, which

asserts an avoidance action under § 544 using a fraudulent conveyance action granted to the Federal Deposit Insurance Corporation, 12 U.S.C. § 1821(d)(17), on the ground that the transfers predated the effective date of the statute. The court has recently determined, in *Hirsch v. Marinelli (In re Colonial Realty Co.)*, 168 B.R. 506 (Bankr.D.Conn. 1994), that the trustee may not rely on § 1821(d)(17) as a basis for his § 544(b) avoidance powers, and the motion to dismiss Count II will be granted on this ground.

## IV.

### CONCLUSION

For the reasons expressed, the defendant's motions are granted as to Count II of the amended complaint and denied as to Counts I and III of the amended complaint. The court also finds no basis for requiring the trustee to make the amended complaint more specific. It is

SO ORDERED.

### APPENDIX A

### CHRONOLOGY OF DEBTORS' BANKRUPTCY CASES

1. September 14, 1990: Involuntary Chapter 7 petitions filed against the debtors.

2. September 27, 1990: Order for relief entered in Colonial case and case converted to Chapter 11.

3. April 5, 1991: Order for relief entered in Sisti and Googel cases and cases converted to Chapter 11.

4. May 24, 1991: Colonial case reconverted to Chapter 7. Hirsch appointed interim trustee of Colonial estate.

5. July 12, 1991: Hirsch becomes permanent trustee of Colonial case pursuant to Code § 702.

6. Effective August 24, 1991: Sisti and Googel cases reconverted to Chapter 7 and cases substantively consolidated with Colonial case. Hirsch appointed interim trustee of consolidated estate.

7. October 17, 1991: Hirsch becomes permanent trustee of the consolidated estate.

8. October 15, 1993: Complaint filed.