In Re CENTURY BRASS PRODUCTS, INC., Debtor.

U.S. BRASS & COPPER COMPANY, Appellant,

v.

Jerome E. CAPLAN, Appellee.

No. 900, Docket No. 93–5077.

United States Court of Appeals, Second Circuit.

Argued Jan. 3, 1994.

Decided April 13, 1994.

Robert C. Reichert, Hartford, CT (Robert U. Sattin, Reid & Riege, on the brief), for appellant.

Lissa J. Paris, Hartford, CT (Everett E. Newton, Frank A. Appicelli, Murtha, Cullina, Richter & Pinney, on the brief), for appellee.

Before MESKILL, KEARSE and LEVAL, Circuit Judges.

KEARSE, Circuit Judge:

United States Brass & Copper Company ("U.S. Brass") appeals from a judgment of the United States District Court for the District of Connecticut, Alan H. Nevas, *Judge,* affirming a judgment of the bankruptcy court, Robert L. Krechevsky, *Chief Judge,* in favor of appellee Jerome Caplan, administrator of a bankruptcy liquidation plan for debtor-in-possession Century Brass Products, Inc. ("Century"), for $11,845.56 against U.S. Brass on the ground that Century, just prior to filing for bankruptcy, had made a preferential payment to U.S. Brass. The district and bankruptcy courts rejected U.S. Brass's contention that the complaint should be dismissed in light of the two-year statute of limitations provided by 11 U.S.C. § 546(a) (1988), ruling that that section, which states the time within which a bankruptcy trustee must bring suit to set aside a preference, is not applicable to such suits when brought instead by debtors in possession. U.S. Brass contends that these rulings are erroneous. We agree and reverse.

## I. BACKGROUND

For purposes of the present appeal, the relevant facts are not in dispute. On March 15, 1985, Century filed a petition for reorganization pursuant to Chapter 11 of the United States Bankruptcy Code ("Code"), 11 U.S.C. § 1101 *et seq.* (1988). No bankruptcy trustee, *see* 11 U.S.C. § 1104, was ever appointed, and Century continued in control of the company as a debtor in possession ("DIP") pursuant to 11 U.S.C. § 1101.

During the 90–day period before filing its petition for reorganization, Century had made a payment of $11,845.56 to U.S. Brass for an antecedent debt; because the payment was made during that period and while Century was insolvent, it constituted an avoidable preference under 11 U.S.C. § 547. Century made no attempt to avoid the preference for more than four years. It first wrote U.S. Brass demanding repayment in June 1989. Its demand was ignored.

In September 1989, the bankruptcy court confirmed a Chapter 11 liquidating plan for Century and appointed Jerome E. Caplan as plan administrator (the "administrator"). In June 1990, the administrator made another demand on U.S. Brass for repayment of the preference. That demand was likewise ignored.

On September 12, 1990, the administrator filed the present complaint under 11 U.S.C. § 547, seeking to avoid the preference. U.S. Brass moved for summary judgment dismissing the complaint, arguing that § 546, which

provides that a bankruptcy trustee must bring any § 547 action within two years of the date of his appointment or before the case is closed or dismissed, whichever is earlier, barred Century's claim. U.S. Brass argued that, though § 546(a) speaks in terms of trustees, a Chapter 11 DIP is the functional equivalent of a trustee and thus must likewise bring any preference-avoidance action within the period specified in that section.

The bankruptcy court, relying principally on *In re Korvettes, Inc.*, 67 B.R. 730 (S.D.N.Y.1986), denied the motion for summary judgment, ruling that a DIP may bring an action to set aside a preference at any time before the reorganization proceeding is closed or dismissed, *see* 11 U.S.C. § 546(a)(2) 127 B.R. 720. The court noted that DIPs had been allowed that freedom in early cases under the Bankruptcy Code and that Congress had not introduced any greater restriction when it amended the Code after those cases were decided. The court also reasoned that imposing a statute of limitations on a DIP would impede the DIP's efforts at reorganization.

Following the bankruptcy court's denial of the statute-of-limitations motion, the parties stipulated to the entry of judgment against U.S. Brass for $11,845.56 plus interest and costs, and U.S. Brass appealed to the district court. The district court found the bankruptcy court's rationale persuasive and affirmed. The present appeal followed.

## II. DISCUSSION

■ On appeal, U.S. Brass pursues its statute-of-limitations contention. In opposition, Century argues principally that because the "plain language" of § 546(a)(1) dates the running of the limitations period from "the appointment of a trustee," and a DIP is not a trustee, § 546(a)(1) cannot apply to a DIP. We conclude that, in light of the statutory scheme as a whole, § 546(a) applies to preference-avoidance actions brought by DIPs as well as to those brought by trustees.

Section 546(a) provides, in pertinent part, as follows:

> (a) An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of—
>
> (1) two years after the appointment of a trustee under section 702, 1104, 1163, 1302, or 1202 of this title; or
>
> (2) the time the case is closed or dismissed.

11 U.S.C. § 546(a). Though this section itself does not mention DIPs, that omission cannot be dispositive, for neither does § 547 itself permit a DIP to bring a preference-avoidance action. *See, e.g.*, 11 U.S.C. § 547(b) ("trustee" may avoid preferential payment); *id.* § 547(d) ("trustee" may avoid preferential grant of security interest); *see also id.* § 553(b) ("trustee" may recover setoff); *id.* § 544(a) ("trustee" may avoid transfer of property).

■ Rather, authorization for a preference-avoidance action by a DIP is found in § 1107, which states, in pertinent part, as follows:

> Subject to any limitations on a trustee serving in a case under this chapter, and to such limitations or conditions as the court prescribes, a debtor in possession shall have all the rights ... and powers, and shall perform all the functions and duties ... of a trustee serving in a case under this chapter.

11 U.S.C. § 1107(a). This language plainly allows a DIP to exercise the same power a trustee would have to bring a preference-avoidance action. It equally plainly, however, subjects the DIP exercising the powers of a trustee to "any" restrictions that the Code imposes on trustees. We see no basis in the Code for carving out of this blanket provision an exception for § 546(a)'s statute of limitations. Accordingly, we read § 1107(a)'s authorization for a DIP to act "[s]ubject to any limitations on a trustee" to mean that the statute of limitations applicable to a trustee also applies to a DIP.

The legislative history of the Code is consistent with this interpretation. The Senate Report that discussed the then-proposed § 1107 stated, in pertinent part, that

[t]his section places a debtor in possession in the shoes of a trustee *in every way.* The debtor is given the rights and powers of a chapter 11 trustee. He is required to perform the functions and duties of a chapter 11 trustee (except the investigative duties). He is also subject to *any* limitations on a chapter 11 trustee....

S.Rep. No. 989, 95th Cong., 2d Sess. 116 (1978) (emphasis added), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5902. Thus, the language of the report, like that enacted in § 1107(a), was all-encompassing. We have found no indication in the legislative history that Congress, contrary to its precise language, intended DIPs not to be bound by the statutes of limitations restricting actions by trustees.

Though a number of lower courts have ruled to the contrary, *see, e.g., In re Pullman Construction Industries, Inc.,* 132 B.R. 359, 360 (Bankr.N.D.Ill.1991) (citing cases); *In re Korvettes, Inc.,* 67 B.R. 730, every other court of appeals that has considered this issue has concluded, as we do, that § 546(a)'s two-year limitations period applies to DIPs. *See In re Coastal Group Inc.,* 13 F.3d 81, 86 (3d Cir.1994) ("*Coastal*"); *In re Softwaire Centre International, Inc.,* 994 F.2d 682, 683–84 (9th Cir.1993) ("*Softwaire Centre*") (per curiam); *Zilkha Energy Co. v. Leighton,* 920 F.2d 1520, 1524 (10th Cir.1990) ("*Zilkha Energy*").

In opposition to this interpretation, Century argues principally (1) that a DIP is not appointed and hence cannot be treated the same as a trustee for whom the limitations period runs from the time of "appointment"; (2) that after several bankruptcy courts had ruled that § 546(a)'s two-year limitations period did not apply to DIPs, Congress, though amending the Code, did nothing to disturb those rulings; and (3) that DIPs should not be subjected to the two-year limitations period for policy reasons. We find these arguments unpersuasive.

■ We reject the contention that § 546(a)(1)'s reference to "the appointment" of the trustee as a starting point for its two-year period logically excludes DIPs from the two-year restriction. Reading § 1107(a) as giving a DIP powers paralleling those of a trustee, we conclude that for the DIP, the limitations period begins when the debtor files its petition and becomes a DIP under § 1101. *Accord Coastal,* 13 F.3d at 84 ("emphasis on the word 'appointment' is too literal," as "[t]hat term has been construed as general enough to include *elected* trustees" as well); *Zilkha Energy,* 920 F.2d at 1524.

■ We also decline Century's invitation to rule that Congress's failure to clarify what statutes of limitations it intended to be applicable to DIPs when it enacted amendments to the Code in 1984 and 1986 implied its adoption of lower-court decisions that DIPs were not subject to § 546(a)'s two-year limitations period. Though there is a presumption in some circumstances that when Congress reenacts a statute without change it is aware of a judicial interpretation of that statute and intends to adopt it, *see Lorillard v. Pons,* 434 U.S. 575, 580–81, 98 S.Ct. 866, 869–70, 55 L.Ed.2d 40 (1978), that presumption applies only to "settled judicial constructions," *Air Transport Association of America v. PATCO,* 667 F.2d 316, 321 (2d Cir. 1981). We cannot conclude that such statute-of-limitations decisions as had been rendered prior to the Code amendments sufficed to settle the law. Prior to the 1984 amendments there had been only two decisions holding that DIPs were not subject to the two-year limitations period, both by bankruptcy courts, *see Edleman v. Gleason (In re Silver Mill Frozen Foods, Inc.),* 23 B.R. 179 (Bankr.W.D.Mich.1982); *In re One Marketing Co.,* 17 B.R. 738 (Bankr.S.D.Tex.1982), and Congress did not mention them. And though there was a technical amendment to § 1107 in 1984, that amendment did not concern this issue, and we have seen no indication in the legislative history that Congress focused at all on the question of what statute of limitations applied to DIPs. There had been no decisions on that issue by any district court or any court of appeals, and absent any mention by Congress of the two prior bankruptcy-court decisions, we cannot regard those two cases as establishing the law sufficiently to impute those courts' views to Congress. *Accord Coastal,* 13 F.3d at 85. Further, though there were additional similar bankruptcy-court decisions prior to the

amendments enacted in 1986, those amendments did not concern § 546, or § 1107, or DIPs, *see* Bankruptcy Judges, United States Trustees, and Family Farmer Bankruptcy Act of 1986, Pub.L. No. 99–554, 100 Stat. 3088, 1986 U.S.C.C.A.N. 5227, and they provide no basis for imputing to Congress either an awareness of the decisions or an intent to adopt them.

Nor are we persuaded by Century's argument that DIPs and trustees should be treated differently because a DIP is generally involved in attempts to reorganize and continue the debtor's business whereas a trustee is generally involved in attempts to liquidate it, and that subjecting a DIP to the two-year limitations period would unduly hobble its efforts to reorganize or to negotiate with creditors for further extensions of credit. Neither the distinction between trustees and DIPs nor the alleged impediment is so clear. Trustees, like DIPs, may attempt negotiation and reorganization. And, as the *Softwaire Centre* court noted, "the debtor in possession has two years to negotiate before filing suit, and ... nothing prevents further negotiations leading to a settlement after suit is filed." 994 F.2d at 684. The provision for a two-year limitations period represents Congress's balancing of the interests of the debtor in negotiation and attention to other bankruptcy matters, against the interests of other persons in the repose of claims that may be made against them. Since we read the statute and its legislative history as subjecting the DIP to the same limitations as the trustee, we are not entitled to reweigh those interests.

Century's additional argument that subjection of a DIP to § 546(a)'s two-year statute of limitations would create an anomaly if a bankruptcy trustee were appointed more than two years after the petition was filed is an interesting one. *Cf. In re San Joaquin Roast Beef*, 7 F.3d 1413, 1416 (9th Cir.1993) (after two-year period expired with respect to chapter 11 trustee, preference claims not resurrected by subsequent appointment of a chapter 7 trustee). However, since no trustee was ever appointed in the present case, we need not decide whether such an appointment might revive a claim that the DIP itself would have been barred from bringing.

### CONCLUSION

We have considered all of Century's arguments in support of the decisions below and have found them to be unpersuasive. The judgment of the district court is reversed.