69 F.3d 799
 64 USLW 2351, 28 Bankr.Ct.Dec. 172, Bankr.
L. Rep. P 76,688
 GLEISCHMAN SUMNER COMPANY, Plaintiff-Appellee,
v.
KING, WEISER, EDELMAN & BAZAR, Defendant-Appellant.
 No. 95-2048.
 United States Court of Appeals,
Seventh Circuit.
 Argued Sept. 27, 1995.
Decided Nov. 3, 1995.
 
 Susan V. Kelley (argued), Lee, Kilkelly, Paulson & Kabaker, Madison, WI, for Plaintiff-Appellee.
 Leonard A. Goldman (argued), Goldman, Gordon & Lipstone, Los Angeles, CA, for Defendant-Appellant.
 Before FLAUM, EASTERBROOK, and DIANE P. WOOD, Circuit Judges.
 EASTERBROOK, Circuit Judge.
 
 
 1
 This case presents a question that has divided the courts of appeals: whether the statute of limitations for commencing a preference-recovery action applies to anyone other than a trustee in bankruptcy. Four courts have held that the two-year limit in 11 U.S.C. Sec. 546(a)(1) applies universally. In re Century Brass Products, Inc., 22 F.3d 37 (2d Cir.1994); In re Coastal Group, Inc., 13 F.3d 81 (3d Cir.1994); Upgrade Corp. v. Government Technology Services, Inc., 994 F.2d 682 (9th Cir.1993); Zilkha Energy Co. v. Leighton, 920 F.2d 1520 (10th Cir.1990). One court has held that the limit applies only to trustees. Maurice Sporting Goods, Inc. v. Maxway Corp., 27 F.3d 980 (4th Cir.1994). The question has no prospective significance. In 1994 Congress rewrote the statute so that preference actions must begin within two years of the order for relief, or one year after the appointment of a trustee, whichever is later. Bankruptcy Reform Act of 1994, Pub.L. 103-394, Sec. 216, 108 Stat. 4106, 4126-27.* But this amendment applies only to cases commenced after its effective date, Pub.L. 103-394, Sec. 702 (see 11 U.S.C. Sec. 101 note), so we must decide this case under the old law. Although there are solid arguments on both sides, we conclude that the literal reading is superior, and that the statute of limitations in Sec. 546(a)(1) applies to trustees exclusively.
 
 
 2
 Carley Capital Group entered bankruptcy in 1989. A plan of reorganization was confirmed in 1990, and Gleischman Sumner Company was appointed under 11 U.S.C. Sec. 1123(b)(3)(B) to wind up the business in an orderly fashion. The parties agree that Gleischman Sumner is not a "trustee" within the meaning of the Bankruptcy Code and should be treated like a debtor in possession. In mid-1992 Gleischman Sumner sent demand letters to more than 500 firms that had received payments from Carley during the 90 days before the bankruptcy began. One recipient was King, Weiser, Edelman & Bazar, Carley's former law firm. Not until January 1994 did Gleischman Sumner commence an adversary proceeding against King Weiser, which replied that the time to take this step had expired. It relied on the former Sec. 546(a), which provided that a preference-recovery action may not be commenced after the earlier of--
 
 
 3
 (1) two years after the appointment of a trustee under section 702, 1104, 1163, 1302, or 1202 of this title; or
 
 
 4
 (2) the time the case is closed or dismissed.
 
 
 5
 Gleischman Sumner replied that the two-year period does not commence until a trustee has been appointed, a step that never occurred in this case. Bankruptcy Judge Martin agreed and ordered King Weiser to repay $17,500 to the estate; the district court affirmed.
 
 
 6
 The straightforward textual argument, which the fourth circuit accepted in Maxway, is that the two-year period begins to run only on "the appointment of a trustee". No trustee, no period of limitations other than "the time the case is closed or dismissed." A person who anticipates a preference-recovery action may demand that, if there is no trustee, the plan of reorganization provide an outer bound for action. The plan in this case contained such a provision, but it was amended without protest from King Weiser to allow additional time. Amendments over objection are hard to accomplish, see 11 U.S.C. Sec. 1127(b); In re UNR Industries, Inc., 20 F.3d 766 (7th Cir.1994), but the lack of remonstration made this amendment fly. Because Gleischman Sumner initiated the adversary proceeding within the bounds set by the amended plan, King Weiser must pay.
 
 
 7
 To this there are two potential responses. One is that it is unusual to allow suit without statutory cutoff, so we should indulge all presumptions against that outcome. The other is the hook on which to hang this presumptive hat: 11 U.S.C. Sec. 1107(a), which says:
 
 
 8
 Subject to any limitations on a trustee serving in a case under this chapter, and to such limitations or conditions as the court prescribes, a debtor in possession shall have all the rights ... of a trustee serving in a case under this chapter.
 
 
 9
 King Weiser contends that the time limit in Sec. 546(a) is a "limitation[ ] on a trustee" that applies to debtors in possession. Now it is unclear what significance Sec. 1107(a) could have in this case, because Gleischman Sumner is not a "debtor in possession", and there is no provision comparable to Sec. 1107(a) for representatives appointed, as Gleischman Sumner was, under Sec. 1123(b)(3)(B). Even if Gleischman Sumner were a debtor in possession, however, King Weiser would not benefit.
 
 
 10
 What is a "limitation on a trustee" for purposes of Sec. 1107(a)? Like the fourth circuit, we find the legislative history unenlightening and let the subject pass without repeating that court's analysis. Maxway, 27 F.3d at 983, 985 n. 3. Bankruptcy Judge Martin thought that "limitation" in Sec. 1107(a) means substantive limitations only: the debtor in possession has the rights of a trustee but must respect the restrictions. For example, the avoiding power in 11 U.S.C. Sec. 544 gives the trustee the rights of a lien creditor; under Sec. 1107(a) a debtor in possession also has these rights but not, say, the rights of a secured creditor. Under Sec. 547 the trustee may avoid certain transfers made within 90 days of the bankruptcy but not others; the debtor in possession is subject to the same limitations. The statute of limitations in Sec. 546(a)(1) is not a "limitation" in this sense, because it does not define the trustee's powers. Indeed, Sec. 546(a)(2) has a time limit for non-trustees: the last moment to act is "the time the case is closed or dismissed." On this understanding Sec. 546(a) deals with the question when a power may be exercised, and Sec. 1107(a) tells us who may exercise it.
 
 
 11
 Reading "limitation" in Sec. 1107(a) to apply the trustee-specific rule of Sec. 546(a)(1) to persons otherwise covered by Sec. 546(a)(2) cannot put an end to incongruity under the pre-amendment Sec. 546(a) and could make things worse. Suppose the debtor runs the firm in bankruptcy for 18 months and a trustee then is appointed. If the two-year period starts immediately because of Sec. 1107(a), how much time is left to the trustee? Six months, it seems; yet Sec. 546(a)(1) says that the answer is two years. And for good reason. Debtors in possession--which is to say, equity investors and the managers they select--have incentives different from trustees, who usually represent the interests of creditors. Equity investors accommodate vendors in order to continue the business, which means forbearing from legal action against those who were paid in the months preceding bankruptcy. Exercise of the avoiding powers brings assets into the firm but creates a debt of equal size; avoiding powers reallocate claims among creditors but do not increase the firm's net wealth or improve its business prospects. Why should incumbent managers use them? What is more, equity investors and managers may be among the principal recipients of preferences, especially in closely held firms. Cf. Levit v. Ingersoll Rand Financial Corp., 874 F.2d 1186 (7th Cir.1989). If the preference-recovery time is ticking while the original managers retain control, then any trustee eventually appointed may lack the ability to use the avoiding powers in the Bankruptcy Code--unless the time starts with the trustee's appointment, which must mean that it does not run while a debtor in possession manages the firm.
 
 
 12
 Suppose a debtor in possession operates the firm for three years, after which a trustee is appointed. On King Weiser's view, preference-recovery actions are possible during years one and two, but not during year three, then are authorized again during years four and five, when the trustee has control. Such a silly result, with the statute of limitations fading in and out like the Cheshire Cat, cannot be justified by the language of Sec. 1107(a); yet using the combination of Sec. 546(a)(1) and Sec. 1107(a) to extinguish avoiding powers after two years, even if a trustee is appointed later, would do violence to both language and function of Sec. 546(a). What follows is that Sec. 1107(a) does not incorporate the time limitation in Sec. 546 in the first place. A person concerned about the time for exercise of the avoiding powers by non-trustees may demand such a limit as part of the plan of reorganization. But a person who acquiesces in a plan without an effective limit (or permits the plan's limit to be extended) cannot invoke the two-year bar in former Sec. 546(a)(1) unless a trustee has been appointed.
 
 
 13
 AFFIRMED.
 
 
 14
 FLAUM, Circuit Judge, concurring in the judgment.
 
 
 15
 I agree with the court's conclusion that the two-year statute of limitations in Sec. 546(a)(1) does not apply to debtors in possession. I write separately because I am unable to adopt the majority's approach to interpreting the applicable statutory provisions.
 
 
 16
 Before the court are two provisions of the Bankruptcy Code with apparently conflicting plain meaning. Section 546(a)(1) unambiguously states that its two year statute of limitations runs from "the appointment of a trustee under section 702, 1104, 1163, 1302, or 1202...." Yet section 1107 specifically provides that a debtor in possession is "[s]ubject to any limitations on a trustee...." Four courts of appeals have held that Sec. 546(a)(1)'s two-year limitations period applies to debtors in possession. In re Century Brass Products, Inc., 22 F.3d 37 (2d Cir.1994); In re Coastal Group, Inc., 13 F.3d 81 (3d Cir.1994); In re Softwaire Centre Int'l, Inc., 994 F.2d 682 (9th Cir.1993); Zilkha Energy Co. v. Leighton, 920 F.2d 1520 (10th Cir.1990). These courts reason that since Sec. 1107 subjects debtors in possession to any limitation on trustees, Sec. 546(a)(1)'s limitations period must apply to debtors in possession as well as trustees. However, this approach contravenes the specific language of Sec. 546(a)(1), which states that the statute of limitation applies to trustees under certain enumerated Bankruptcy Code sections.
 
 
 17
 The majority of this court follows the Fourth Circuit by reading Sec. 546(a) literally and consequently holding that the two-year limit in Sec. 546(a)(1) does not apply to debtors in possession. The majority dismisses Sec. 1107 by concluding that a statute of limitations is not a "limitation" contemplated by Sec. 1107. I respectfully suggest that this is a strained reading of Sec. 1107. The term "limitation" is not specifically defined in the Bankruptcy Code. Therefore, we must "start with the assumption that the legislative purpose is expressed by the ordinary meaning of the words used." Russello v. United States, 464 U.S. 16, 21, 104 S.Ct. 296, 299, 78 L.Ed.2d 17 (1983) (quoting Richards v. United States, 369 U.S. 1, 9, 82 S.Ct. 585, 590-91, 7 L.Ed.2d 492 (1962)). The ordinary meaning of "limitation" clearly includes the two-year statute of limitations in Sec. 546(a)(1). Section 546(a)(1) establishes a limitation on when trustees are able to commence suits under various code sections. Although Sec. 546(a)(1) imposes a "time" limitation on trustees, rather than a "power" limitation as the majority emphasizes, the language of Sec. 1107 broadly states that debtors in possession are subject to any limitation on trustees. The inability of trustees to commence suits beyond two years from the date of their appointment is certainly one such limitation. Admittedly, Sec. 546(a)(2) contains a time limit that applies universally--debtors in possession, as well as trustees, cannot commence actions after "the time the case is closed or dismissed." Yet Sec. 546(a)(1) imposes an independent limitation in addition to Sec. 546(a)(2) because suits may not be commenced after the earlier of the times referenced in the two subsections. Since Sec. 1107 plainly states that any limitation on trustees must also apply to debtors in possession, the existence of the limitation in Sec. 546(a)(2) is not relevant to determining whether the additional limitation in Sec. 546(a)(1) applies to debtors in possession.
 
 
 18
 Despite the clear text of Sec. 1107, which subjects the debtor in possession to "any limitations on a trustee," the majority imports policy concerns to circumscribe the meaning of "limitation." Yet policy concerns certainly do not dictate this narrow reading of Sec. 1107.[1] Instead of interpreting the unambiguous language of Sec. 1107, this court should apply its plain meaning as written. See Connecticut Nat'l Bank v. Germain, 503 U.S. 249, 253-54, 112 S.Ct. 1146, 1149-50, 117 L.Ed.2d 391 (1992). Section 1107 provides that a debtor in possession shall be "[s]ubject to any limitations on a trustee ... and shall have all the rights ... and powers ... of a trustee...." Structurally, the Bankruptcy Code gives debtors in possession the powers of trustees through a combination of Sec. 1107 and specific code sections that generally refer to a "trustee." See, e.g., 11 U.S.C. Sec. 547(b) ("trustee" may avoid preferential payment); Sec. 544 ("trustee" has the rights of a lien creditor). In contrast, Sec. 546(a)(1) states that its two-year limitations period applies to trustees that are appointed under specifically enumerated code sections. Congress carefully phrased this section to apply only to certain types of trustees.[2] Section 1107 equates a debtor in possession with a general "trustee," but does not refer to specific types of trustees. Therefore, the plain language of Sec. 1107 gives debtors in possession only those powers and limitations that are shared by all classes of trustees. Section 1107 does not, however, impose on debtors in possession those powers and limitations, such as Sec. 546(a)(1), that clearly apply only to certain types of trustees.
 
 
 19
 Since both Sec. 546(a)(1) and Sec. 1107 are unambiguous when read in concert, our judicial inquiry should be at an end. See United States v. Ron Pair Enter., Inc., 489 U.S. 235, 240-41, 109 S.Ct. 1026, 1029-30, 103 L.Ed.2d 290 (1989). Desire for what we may consider a more sensible result cannot justify a judicial rewrite of either section. See United States v. Indoor Cultivation Equip., 55 F.3d 1311, 1315 (7th Cir.1995).
 
 
 
 *
 The new Sec. 546(a)(1) provides that the time ends on: the later of--
 (A) 2 years after the entry of the order for relief; or
 (B) 1 year after the appointment or election of the first trustee under section 702, 1104, 1163, 1202, or 1302 of this title if such election occurs before the expiration of the period specified in subparagraph (A)....
 
 
 [1]
 Although debtors in possession and trustees undoubtedly have different incentives to commence preference-recovery actions, Congress may well have decided to respect the interest of potential defendants against all stale claims by choosing a two-year period applicable to both debtors in possession and trustees. In re Century Brass Products, Inc., 22 F.3d at 41. The majority's reliance on its stated policy concerns is especially troubling because today's amended Sec. 546(a) forbids the filing of suits more than two years after the entry of the order for relief if a trustee is not appointed within two years of the entry. 11 U.S.C. Sec. 546(a) (1995). Thus, the two-year statute of limitations currently runs while the debtor in possession manages the firm. A trustee appointed after this two year period has no ability to commence preference-recovery actions, a result the majority believes is inconsistent with the function of the old Sec. 546(a). Although "the views of a subsequent Congress form a hazardous basis for inferring the intent of an earlier one," Jefferson County Pharmaceutical Ass'n v. Abbott Lab., 460 U.S. 150, 165 n. 27, 103 S.Ct. 1011, 1021 n. 27, 74 L.Ed.2d 882 (1983) (quoting United States v. Price, 361 U.S. 304, 313, 80 S.Ct. 326, 331-32, 4 L.Ed.2d 334 (1960)), the current Sec. 546(a) demonstrates the weakness of relying on policy concerns to determine that the two-year limitations period does not apply to debtors in possession. The fact that the majority's policy-oriented conclusion conflicts with the policy embodied in the current law amply illustrates that it is inappropriate for us to rewrite either Sec. 546(a) or Sec. 1107 to reach what we consider a sensible result
 
 
 [2]
 For example, Sec. 546(a)(1) does not apply to interim trustees, which are appointed under 11 U.S.C. Sec. 702