**In re LAKESIDE COMMUNITY HOSPITAL, Debtor.**

**James CARMEL, Trustee, Plaintiff,**

v.

**ILLINOIS DEPARTMENT OF REVENUE, Defendant.**

**James CARMEL, Trustee, Plaintiff,**

v.

**ILLINOIS DEPARTMENT OF EMPLOYMENT, Defendant.**

**James CARMEL, Trustee, Plaintiff,**

v.

**David D. ORR, Cook County Clerk and Edward Rosewell, County Collector, Defendants.**

**Bankruptcy No. 91 B 07290. Adv. Nos. 95 A 00923, 95 A 00922 and 95 A 00880.**

United States Bankruptcy Court, N.D. Illinois, Eastern Division.

Jan. 25, 1996.

Leon Zelechowski, Chicago, IL, for Trustee, James E. Carmel.

Jane L. Stuart, Thomas J. Boyle, Assistant State's Attorney, Chicago, IL, for David Orr and Edward J. Rosewell (95 A 00880).

Michael T. Prousis, Special Assistant Attorney General, Chicago, IL, for Ill. Dept. of Employment Security (95 A 00922).

Faith Lukin, Illinois Department of Revenue, Illinois Attorney General Office, Chicago, IL, for Ill. Dept. of Revenue (95 A 00923).

## INTRODUCTION

RONALD BARLIANT, Bankruptcy Judge.

This matter is before the court on motions to dismiss three adversary complaints seeking to recover tax payments to (1) the Illinois Department of Revenue, (2) the Illinois Department of Employment, and (3) David D. Orr ("Orr") and Edward J. Rosewell ("Rosewell").[1] The complaints allege that the tax payments were either preferential transfers, avoidable under §§ 547 and 550 of the Bankruptcy Code,[2] or fraudulent transfers, avoidable under §§ 548 and 550. The complaints against the Departments of Revenue and Employment also allege that they filed liens against Leyden Community Hospital ("Leyden"), the alter ego of the debtor, to secure penalties and therefore the liens are avoidable under §§ 724(a) and 726(a)(4).

Count II of the complaint against the Department of Revenue, which is the lien avoidance claim, will be dismissed pursuant the parties' agreement because that defendant never recorded a lien. The preference and fraudulent transfer claims, Counts I and III, will also be dismissed because the payments of Illinois trust fund taxes were not made with property of the Debtor. Contrary to the assertions of the moving parties, however, the remaining claims are not time barred. The motions of the Illinois Department of Employment and Orr and Rosewell will therefore be denied.

---

1. Although three separate adversary proceedings have been filed, they have been consolidated solely for the purpose of disposing of these motions.

2. All references herein are to 11 U.S.C. § 101 et seq., unless otherwise noted.

## BACKGROUND

On January 28, 1991, Leyden entered into an agreement for the sale of assets, including the real estate on which its hospital was located. This real estate was owned by Hilltop Real Estate Investment Co. Partnership ("Hilltop"). Proceeds of that sale went into an escrow, from which the tax payments that are the subjects of the complaints were made. The Department of Revenue received $72,644.45 as payment for taxes owed by Leyden. Although neither the complaint nor the motions specifically allege it, these taxes were apparently "trust fund taxes"—that is, employee income taxes withheld from employees' paychecks pursuant to 35 ILCS 5/705.[3] The Department of Employment received a tax payment of $103,939.60; Orr, in his capacity as Cook County Clerk, received $498,393.60; and Rosewell, in his capacity as Cook County Collector, received $391,432.98. On April 4, 1991, Lakeside Community Hospital (the "Debtor" or "Lakeside") filed a voluntary petition under Chapter 11 of the Bankruptcy Code. On August 5, 1993, the case was converted to a Chapter 7 proceeding and a trustee was appointed. On August 4, 1995, the Trustee filed the three separate complaints now before us, alleging that the tax payments were preferential or fraudulent transfers, and thus avoidable. The complaints also allege that the Departments of Revenue and Employment filed liens against Leyden for taxes, penalties, and interest.

In October 1995, the defendants filed their motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b) (made applicable to proceedings under the Bankruptcy Code by Federal Rule of Bankruptcy Procedure 7012(b)). The motions of the Department of Employment and Orr and Rosewell are identical and assert only that the actions against them are time barred. (Motions, ¶ 1). Both motions adopt the Department of Revenue's arguments that the actions are time barred. (Motions, ¶ 3). The Department of Revenue

further argues that the payment of trust fund taxes it received is not avoidable because the funds were not the Debtor's property when the payments were made.

## DISCUSSION

■ In order to prevail on a motion to dismiss under Rule 12(b), it must appear from the pleadings that the plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). Allegations in the pleading are to be construed in favor of the nonmoving party and the motion should be granted "only if the moving party clearly established that no material issue of fact remains to be resolved and that he or she is entitled to judgment as a matter of law." *National Fidelity Life Ins. v. Karaganis*, 811 F.2d 357, 358 (7th Cir. 1987). Furthermore, all uncontested allegations are taken as true. *Id.*

### A. Is the action time-barred?

■ Section 546 limits the time for filing complaints to avoid preferential or fraudulent transfers. That section was amended in 1994, but the Seventh Circuit recently held that in bankruptcy cases commenced before the effective date of the 1994 Bankruptcy Reform Act, October 1, 1994, the old § 546 applies. Under the old § 546, a two year limitation on the power to avoid a preference begins to run if and when a trustee is appointed. *Gleischman Sumner Co. v. King, Weiser, Edelman & Bazar*, 69 F.3d 799, 800 (7th Cir.1995). Because this bankruptcy case began before the 1994 act went into effect, the limitations period began to run when the trustee was appointed. This action was begun less than two years after that appointment, but more than two years after the commencement of the case when the Debtor became a debtor in possession.

The Department of Revenue[4] attempts to distinguish *Gleischman Sumner* by arguing

---

3. Neither party specifically alleges that these were "trust fund" taxes, but the issue is not in dispute. Both sides, in their briefs, assume that the taxes owed were trust fund taxes and cite 35 ILCS 5/705 as the mandate for the collection of the taxes owed to the Department of Revenue.

4. The arguments of the Department of Revenue were adopted by reference in the motions of the Department of Employment and Orr and Rosewell. For clarity, the court will only discuss these arguments in terms of the Department of Revenue's motion. However, the discussion is

that the case did not involve a debtor in possession. This argument is without merit and is in direct conflict with the court's opinion:

> The parties agree that Gleischman Sumner is not a "trustee" within the meaning of the Bankruptcy Code and should be treated *like a debtor in possession.*

*Gleischman Sumner* at 800 (emphasis added).

Furthermore, the Department's argument that it made a difference in *Gleischman Sumner* that the adversary proceeding had been filed within the time limits prescribed by the debtor's confirmed Chapter 11 plan ignores the court's reasoning entirely. The court reasoned that if § 546 were read in conjunction with § 1107, the result would be that the statute of limitations could potentially fade "in and out like the Cheshire Cat," during the course of the bankruptcy case. *Id.* at 802. Even Judge Flaum in his concurring opinion states that "Section 1107 does not ... impose on debtors in possession those powers and limitations, such as § 546(a)(1), that clearly apply only to certain types of trustees." *Id.* at 803 (Flaum, J., concurring). The Seventh Circuit unequivocally held the § 546 limitation period begins to run only if and when a trustee is appointed, and not before. The three actions here are thus not time barred.

### B. Were the payments property of the estate?

■ The Department of Revenue further argues that the payments it received were in satisfaction of "trust fund" taxes. Thus, the payments were not property of the debtor. Since only transfers of property of the debtor are subject to §§ 547 and 548, the preferential and fraudulent transfer actions cannot stand. This Court agrees.

In 1990, the Supreme Court held that the act of making a voluntary pre-petition payment of "trust fund" taxes was sufficient to establish that the money paid had been held in trust for the IRS. *Begier v. Internal Revenue Service,* 496 U.S. 53, 110 S.Ct. 2258, 110 L.Ed.2d 46 (1990). Therefore, any voluntary pre-petition payments of "trust fund" taxes are not made with property of the Debtor.

The Trustee asserts that Illinois state law is distinguishable from IRC § 7501, the statute at issue in *Begier.* The Illinois statute, 35 ILCS 5/705, creates a trust in favor of the Department of Revenue. The statute provides that:

> Any amount of tax actually deducted and withheld under this Act shall be held to be a special fund in trust for the Department.

This language is substantively indistinguishable from the language of IRC § 7501, which provides that:

> Whenever any person is required to collect or withhold any internal revenue tax from any other person and to pay over such tax to the United States, the amount of tax so collected or withheld shall be held to be a special fund in trust for the United States.

The Trustee argues that use of the words "actually deducted and withheld" in 35 ILCS 5/705 precludes a finding that Begier is applicable. He argues that under those words, funds must be actually placed in a segregated account before they become subject to a trust. This argument is without merit. Both statutes require a finding of a trust whenever money is withheld from an employee's paycheck. There is no substantive difference between the phrase "the amount of tax so collected or withheld" and the phrase "actually deducted and withheld." The key meaning of these phrases is that the trust arises, not when moneys are segregated as such, but when the paycheck is issued in an amount that reflects a deduction for these taxes. The amount deducted is "actually deducted and withheld" and, pursuant to 35 ILCS 5/705, is held in trust for the Department of Revenue. When that amount is paid as taxes, the specific funds so paid are identified as the trust res.

Under *Begier,* the voluntary payment of these funds is sufficient to establish that the funds were held in trust for the Department of Revenue, and were not property of the debtor. Because no property of the debtor was transferred, the tax payment cannot be avoided under either § 547 or § 548 and the

equally applicable to all three cases under consideration.

Department of Revenue's motion to dismiss on Counts I and III of the Trustee's complaint must be granted.[5]

Defendant Illinois Department of Revenue's motion to dismiss Count II is also granted by agreement of the parties. The motions of the Illinois Department of Employment and of Orr and Rosewell are denied.

### ORDER

For the reasons stated in the Memorandum Opinion, **IT IS HEREBY ORDERED** that the Motion to Dismiss of Defendants David D. Orr, in his capacity as Cook County Clerk, and Edward Rosewell, in his capacity as County Collector, is denied.

### ORDER

For the reasons stated in the Memorandum Opinion of even date herewith, **IT IS HEREBY ORDERED** that the Motion to Dismiss of Defendant, Illinois Department of Employment is denied.

### ORDER

For the reasons stated in the Memorandum Opinion of even date herewith, **IT IS HEREBY ORDERED** that the Motion to Dismiss of the Illinois Department of Revenue is granted and the complaint is Dismissed with Prejudice with respect to all counts.

---

**5.** This result is consistent with other state court decisions that have held that *Begier* controls in state law trust fund tax cases. *See City of Farrell v. Sharon Steel Corp.*, 41 F.3d 92, 98 (3d Cir. 1994) (finding no significant difference between Pennsylvania and Federal withholding law and thus holding that *Begier* controls); *In re Nash Concrete Form Co., Inc.*, 159 B.R. 611, 614–15 (D.Mass.1993) (finding no significant difference between Massachusetts and Federal statutes and thus holding that *Begier* controls).