**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

---

No. 97-50368

---

In Re: CompuAdd Corporation, Debtor,

COMPUADD CORPORATION,

Appellee,

VERSUS

TEXAS INSTRUMENTS INC.; LEXMARK INTERNATIONAL, INC.; HART GRAPHICS, INC.; DIAMOND FLOWER ELECTRIC INSTRUMENT COMPANY, LTD.,

Appellants.

---

Appeal from the United States District Court
For the Western District of Texas
April 8, 1998

Before REYNALDO G. GARZA, DUHÉ, and STEWART, Circuit Judges.

DUHÉ, Circuit Judge:

The Defendants appeal the district court's remand of a preferential avoidance action. That court determined that the two-year statute of limitations in 11 U.S.C. §546(a)(1) governing trustees does not apply to such action brought by a debtor-in-possession. For reasons that follow, we reverse the district court's decision and affirm the Bankruptcy Court's dismissals on statutory limitations grounds.

**I.**

CompuAdd Corporation ("CompuAdd") filed a Chapter 11

bankruptcy petition June 22, 1993. Because no trustee was appointed, it became the debtor-in-possession ("DIP") at that time. Over two years later, CompuAdd sought to recover payments it had made earlier to several creditors, claiming that they were preferential payments under 11 U.S.C. § 547(b).[1] The Bankruptcy Court granted summary judgment to all defendants on the ground that the preference actions were time barred by the two-year statute of limitations provision contained in 11 U.S.C. § 546(a)(1).

CompuAdd appealed the bankruptcy court's decisions to the district court, which, relying on the plain language of the statute, decided in CompuAdd's favor and remanded the preferential avoidance actions.[2] The defendants now appeal, claiming that the limitations period of §546(a)(1) applies to debtors-in-possession.

**II.**

We apply the same standards of review to the bankruptcy court's findings of fact and conclusions of law as applied by the district court. Kennard v. Mbank Waco N.A. (In re Kennard) 970 F.2d 1455 (5th Cir. 1992). A bankruptcy court's findings of fact are reviewed under the clearly erroneous standard and its conclusions of law are reviewed de novo. Traina v. Whitney

---

[1]The relevant portion reads as follows:
   (b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property -
      (4) made -
         (A) on or within 90 days before the date of the filing of the petition;
11 U.S.C. §547(b)(4)(A).

[2]In re CompuAdd Corp., No. A-96-CA-558-SS (W.D.Tex. October 24, 1996).

National Bank 109 F.3d 244, 246 (5th Cir. 1997). The issue on appeal is a purely legal one.

### III.

Whether the two-year statute of limitations imposed in 11 U.S.C. §546(a)(1) on transfer avoidance actions by trustees applies to such actions brought by a debtor-in-possession is an issue of first impression in this Circuit. Of the Circuits that have considered the question, four have ruled in the affirmative. U.S. Brass & Copper Co. v. Caplan (In re Century Brass Products, Inc.), 22 F. 3d 37 (2d Cir. 1994); Construction Management Servs., Inc. v. Manufacturers Hanover Trust Co. (In re Coastal Group, Inc.), 13 F. 3d 81 (3rd Cir. 1994); Mosier v. Kroger Co. (In re IRFM, Inc.), 65 F. 3d 778 (9th Cir. 1995) cert. den., 116 S.Ct. 1848 (1996); and Zilkha Energy Co. v. Leighton, 920 F.2d 1520 (10th Cir. 1990). Two Circuits have held that the limit applies only to trustees. Maurice Sporting Goods, Inc. v. Maxway Corp. (In re Maxway Corp.) 27 F.3d 980 (4th Cir. 1994) and Gleischman Sumner Co. v. King, Weiser, Edelman & Bazar, 69 F.3d 799 (7th Cir. 1995). Within this circuit, bankruptcy and district courts reviewing the issue have ruled both ways.[3] Compelling textual, legislative history and public policy arguments support both sides. Although

---

[3] See e.g. In re Hunt, 136 B.R. 437, 447-48 (Bankr. N.D.Tex. 1991)(holding that the two-year limitations period in §546(a)(1) does not apply to a debtor in possession under any circumstances); and In re Emergency Networks, Inc., 188 B.R. 227, 233 (N.D.Tex. 1995) (holding that the pre-1994 version of § 546(a)(1) read with §1107(a) provides that a debtor in possession is subject to a two-year limitations period - measured from the petition date - for commencing a preference action.)

3

the district court's opinion is well-reasoned, we are persuaded that the same limitations period applies to a DIP and a trustee.[4]

**A.**

We begin our construction of the statute with the language itself. Kelly v. Robinson, 479 U.S. 36, 43 (1986)(internal citations omitted). The Supreme Court cautions, however, against an overly literal interpretation of the Bankruptcy Code. "'[W]e must not be guided by a single sentence or member of a sentence, but look to the provisions of the whole law, and to its object and policy.'" Id., quoting United States v. Heirs of Boisdoré, 8 How. 113, 122, 12 L.Ed. 1009 (1849). The strict language of the Bankruptcy Code does not control, though the statutory language has a "plain" meaning, if the application of that language "will produce a result demonstrably at odds with the intention of its drafters." United States v. Ron Pair Enterprises, Inc., 489 U.S. 235, 242 (1989)(citing Griffin v. Oceanic Contractors, Inc., 458 U.S. 564 (571 (1982)).

We examine first the language of the provision in effect when CompuAdd filed its petition:

> An action or proceeding under Section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of --
> (1) two years after the appointment of a trustee under §702, 1104, 1163, 1302, or 1202 of this title; or
> (2) the time the case is closed or dismissed.

---

[4]We acknowledge that our decision here has limited impact because the Bankruptcy Reform Act of 1994 has legislatively settled this issue. See text IIIB infra.

4

11 U.S.C. §546(a)(1).

Clearly this section places a time restriction upon certain appointed trustees and does not mention DIPs. Should we rely upon the statutory interpretative doctrine of <u>inclusio unius est exclusio alterius</u>, we would be forced to agree that §546(a)(1) does not apply to anyone other than the enumerated trustees. Considering only the plain language, we would decide that CompuAdd's preference avoidance action was timely filed: CompuAdd is not one of the listed appointed trustees and it filed the action before the close or dismissal of the case.

Heeding the advice of the Supreme Court to look to the provisions of the whole law, we conclude, however, that the omission of DIPs cannot be dispositive. <u>In re Century Brass</u>, 22 F.3d at 39. We note that the preference avoidance provision alone does not expressly empower DIPs to bring preference avoidance actions. Rather it affords the trustee an action to avoid "any transfer of an interest of the debtor in property" made under certain conditions that constitute an unlawful transfer within prescribed time limits. 11 U.S.C. §547. Authorization for DIPs to bring an avoidance action is provided in §1107, which states, in pertinent part:

> Subject to any limitations on a trustee serving in a case under this chapter ..., a debtor in possession shall have all the rights, other than the right to compensation under section 330 of this title, and powers, and shall perform all the functions and duties ... of a trustee serving in a case under this chapter.

5

11 U.S.C. §1107(a).  That language plainly allows DIPs to exercise the same power trustees have to bring preference avoidance actions.

The Code plainly imposes upon DIPs who exercise the powers of trustees "any" restrictions that regulate trustees.  Although CompuAdd argues that the limitations referred to in §1107(a) are restrictions solely upon the powers granted trustees, we reject this argument.[5]  We agree with other circuits that have construed this particular provision that "limitations" encompasses any restrictions that the Bankruptcy Code imposes on trustees, including the limitations period applicable to a trustee in an avoidance action.  See In re Century Brass, 22 F.3d at 39 and In re Coastal Group Inc., 13 F.3d at 84.

We reach this determination  by relying upon the ordinary meaning of "limitation."  Webster's definitions of "limitations" include "statute of limitations"..."a time assigned for something; specif: a certain period limited by statute after which actions, suits or prosecutions cannot be brought in the courts." Webster's Third New International Dictionary 1312 (3d ed. 1981). Additionally, Black's defines "limitation" as "a certain time allowed by a statute for bringing litigation."  Black's Law Dictionary 835 (5th ed. 1991).  We see no reason to exclude "statute of limitations" from the meaning of "limitations" in the

_____

[5]But see Gleischman, 69 F.3d at 801(holding that §546(a)(1) does not purport to define the scope of the trustee's powers but rather simply designates different time periods for the exercise of the power to avoid preferential transfers).

6

context of §1107(a)[6] and we apply its common usage.

In determining that DIPs are subject to the two-year limitation on preference avoidance actions, we necessarily must establish the point from which this period is measured. Although CompuAdd argues that because a DIP is not appointed it cannot be treated as a trustee for whom the limitations period runs from the time of "appointment," we reject this reasoning. Because §1107(a) gives a DIP powers exercised by a trustee (see text supra), we conclude that the limitations period for DIPs begins when the debtor files its petition and becomes a DIP under §1107. We find persuasive the argument that the "appointment of a trustee" in §546(a)(1) is the equivalent to the filing of a petition in debtor-in-possession cases. In re Century Brass Products, Inc., 22 F.3d at 40. See also Zilkha, 920 F.2d at 1524 and In re IFRM, Inc., 65 F.3d at 780-81. The bankruptcy petition filing is, in essence, an appointment by law for the DIP and initiates the powers and duties it enjoys in that position. Logically, the filing constitutes the onset of the limitations period within which a power such as a preference avoidance action must be exercised. Thus, because the Bankruptcy Code affords DIPs the powers enjoyed by trustees, including the ability to bring transfer avoidance actions, and expressly imposes upon DIPs the limitations that restrict trustees, we find the preference avoidance actions brought by CompuAdd time barred.

**B.**

---

[6]See text IIIB, infra.

7

In statutory construction not only do we consider the whole law, even when the language is plain, but we also consider whether the plain language contravenes the drafter's intent.  Ron Pair Enterprises, 489 U.S. at 242.  We find further support for our conclusion that the §546(a)(1) two-year limitation period applies to DIPs in the legislative history of the previously discussed provisions.  The first comes from legislative discussions on the scope of §1107(a).  A Senate Report noted that

> [t]his section places a debtor in possession in the shoes of a trustee in every way.  The debtor is given the rights and powers of a chapter 11 trustee.  He is required to perform the functions and duties of a chapter 11 trustee (except the investigative duties).  He is also subject to any limitations on a chapter 11 trustee.

S. Rep. No. 95-989, 95th Cong., 2d Sess. 116 (1978)  (emphasis added), reprinted in 1978 U.S.C.C.A.N. 5787, 5902.  These comments indicate to us that the language in §1107(a) is all encompassing. We agree with the Century Brass court that Congress has given us no basis for carving out of this blanket provision an exception for the limitations period imposed by §546(a)(1).  In re Century Brass Products Co., 22 F.3d at 39.  We do not find from these comments any indication that Congress intended to depart from the provision's precise language and remove DIPs from the statute of limitations restricting actions by trustees.

A second source of support for our interpretation of the statute in effect at the time of the preference avoidance actions comes from the changes and comments Congress made to §546(a)(1) in

the Bankruptcy Reform Act of 1994.[7]   Congress rewrote the statute so that preference actions must begin within two years of the order for relief or one year after the appointment of a trustee if that trustee is appointed within the two-year period.

This current version indicates Congress' present intent to apply equally the two-year limitations period to all given the power to bring preference avoidance actions.   By creating a separate period for trustees whose duties do not begin with the filing of the order for relief, Congress does not limit only appointed trustees to the two-year period.

The reasons for these changes, found in the Comment to the revised provision, reflect Congress' original intent underlying §546(a)(1).  We have observed that  "[a]lthough a committee report written with regard to a subsequent enactment is not legislative history with regard to a previously enacted statute, it is entitled to some consideration as a secondarily authoritative expression of expert opinion."  Sykes v. Columbus Greenville Ry., 117 F.3d 287,

---

[7]Section 546(a)(1) now provides:
> (a)  An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of-
>    (1)  the later of-
>      (A)  2 years after the entry of the order for relief; or
>      (B)  1 year after the appointment or election of the first trustee under section 702, 1101, 1163, 1202, or 1302 of this title if such appointment or such election occurs before the expiration of the period specified in subparagraph (A); or
>    (2)  the time the case is closed or dismissed.

11 U.S.C. §546(a)(1) (West Supp. 1997).

293, 294 (5th Cir. 1997) (internal citation omitted). One purpose for the amendment was to "clarify" §546(a)(1) by setting the entry of the order of relief as the starting point for the two-year statute of limitations.[8] Congress then specifically acknowledged the split of authority as courts struggled to interpret §546(a)(1) in commenting that the purpose of a statute of limitations is to define the period of time that a party is at risk of suit.[9] This legislative history evidences that the Bankruptcy Reform Act sought to resolve the conflict in the cases and create uniformity in the applicability in Chapter 11 cases of the two year statute of limitations for preference avoidance actions.

By amending the statute, Congress has indicated that the appellate courts that applied the two-year statute of limitations to DIPs as well as to trustees had correctly decided. In light of these comments, that the amendment was intended to "clarify" and "to resolve" the conflicting opinions, we conclude that applying the two-year limitations period to a DIP best effectuates the will of Congress in the pre-amendment version of §546(a)(1).

### c.

If we read §546(a)(1) literally, DIPs could bring preference avoidance actions until close or dismissal of the case. Given that many bankruptcies linger for over a decade, creditors who may have received preferential payments could be vulnerable to suit long

---

[8]H.R. Rep. No. 103-835, §217, 103rd Cong. 2d Sess. (1994), reprinted in U.S.C.C.A.N. 3340, 3358.

[9]Id.

after they have closed their books on their debtor's account. We can discern no sound reason for exposing creditors for a conceivably lengthy period to keeping their financial records open and, in effect, losing the use of the payment amount until the case is closed or dismissed.

We understand that an argument can be made that DIPS, unlike trustees, are not likely to begin preference avoidance action, preferring instead to preserve relationships with their creditors, and are thus at a disadvantage when the two-year period expires. We need not characterize DIPs as the functional equivalent of trustees to reach our decision today. Cf. Zilkha, 920 F.2d at 1524. We note that nothing prevents DIPs from including a longer time limit in which to bring these actions in their Chapter 11 Reorganization Plan. As the court stated in Softwaire Centre, DIPs have "two years to negotiate before filing suit, and ...nothing prevents further negotiations leading to a settlement after suit is filed." Upgrade Corp. v. Government Tech. Servs., Inc. (In re Softwaire Centre Int'l., Inc.), 994 F.2d 682, 684 (9th Cir. 1993)(per curiam). Restricting DIPs to the two-year period will not deter them in their duties.

The facts in this case do not mirror those in Gleischman, 69 F.3d at 800-801, where the party seeking a preference avoidance action was not a "trustee" within the meaning of the Bankruptcy Code. That action was brought pursuant to an amended plan, to which creditors had failed to object, that allowed a longer period in which to bring avoidance actions. Nor is this a situation in

which a DIP first controlled the reorganization for two years and then an official committee of unsecured creditors took over and sought to bring a preference avoidance action. <u>In re Maxway Corp.</u>, 27 F.3d at 982. Rather, we are faced here with a DIP that assumed its duties when it filed an order of relief, did not seek an extended period from its creditors in which to bring preference avoidance actions, and then filed these four suits after the two-year statute of limitations had expired. We see no reason that CompuAdd should not be bound by the two-year statute of limitations restricting preference avoidance actions.

## IV

After a careful review of the statutory language, legislative history, and public policy considerations, we hold that CompuAdd's preference action was not brought within the applicable two-year limitations period. Although there are solid arguments for a different reading of §546 (a)(1), we find a holistic reading of the Bankruptcy Code more persuasive. We, therefore, REVERSE the judgment of the district court, uphold the decision of the bankruptcy court, and REMAND to that court for proper disposition.