*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2000 FED App. 0191P (6th Cir.)
File Name: 00a0191p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

In re: DUBLIN SECURITIES, INC.,

*Debtor.*

---

MYRON N. TERLECKY, Trustee of the Consolidated Bankruptcy Estate of Dublin Securities, Inc., Dublin Management, Inc., & Dublin Stock Transfer, Inc.,

*Plaintiff-Appellant,*

*v.*

SARAH HELMER (99-3337); HELMER, LUGBILL, MARTINS & NEFF COMPANY, LPA (99-3344),

*Defendants-Appellees.*

Nos. 99-3337/3344

Appeal from the United States District Court
for the Southern District of Ohio at Columbus.
Nos. 98-00646; 98-00647—Edmund A. Sargus, Jr.,
District Judge.

1

Argued:  April 18, 2000

Decided and Filed:  June 7, 2000

Before:  MERRITT and DAUGHTREY, Circuit Judges;
CAMPBELL, District Judge.*

———————————

**COUNSEL**

**ARGUED:**  Mark W. Iannotta, STRIP, FARGO, HOPPERS & LEITHART, Columbus, Ohio, for Appellant. Frederick M. Morgan, Jr., HELMER, LUGBILL, MARTINS & NEFF, Cincinnati, Ohio, for Appellees.  **ON BRIEF:**  Mark W. Iannotta, Myron N. Terlecky, STRIP, FARGO, HOPPERS & LEITHART, Columbus, Ohio, for Appellant.  Frederick M. Morgan, Jr., HELMER, LUGBILL, MARTINS & NEFF, Cincinnati, Ohio, Irving Harris, STATMAN, HARRIS & BARDACH, Cincinnati, Ohio, for Appellees.

———————————

**OPINION**

———————————

MERRITT, Circuit Judge.  The facts in this bankruptcy statute of limitations case are not in dispute.  Dublin Securities, Inc., the debtor in this case, filed a Chapter 11 bankruptcy petition in August 1993.  Under 11 U.S.C. § 1107(a), Dublin Securities continued the operation of the business and served the bankruptcy estate as a debtor in possession.  Nearly one year later the bankruptcy was converted from a Chapter 11 reorganization to a Chapter 7 liquidation. Plaintiff, Myron Terlecky, was appointed trustee for the estate on August 25, 1994.  On May 29, 1996, approximately twenty-one months later, the trustee filed

————————————————

\* The Honorable Todd J. Campbell, United States District Judge for the Middle District of Tennessee, sitting by designation.

limitations against the trustee before one is appointed and before there is in fact any conversion to a straight bankruptcy from a Chapter 11 proceeding. A rule that runs the statute out before the trustee has an opportunity to act makes no sense.

Based on these reasons, we hold that § 546(a)'s statute of limitations for bringing avoidance actions, as it existed prior to the 1994 amendments, begins to run upon the actual appointment of a trustee. We, therefore, reverse the judgment of the district court and remand to the bankruptcy court for further proceedings.

separate adversary proceedings against Sarah Helmer and Helmer, Lugbill, Martins & Neff Co., LPA alleging that defendants were recipients of fraudulent and preferential transfers in violation of 11 U.S.C. § 544(b). Both defendants moved to dismiss the complaints on the basis that the trustee brought the avoidance actions beyond the two-year statute of limitations set forth in 11 U.S.C. § 546(a). Both motions were denied by the bankruptcy court, which held that the limitations period did not begin to run until the appointment of the trustee. Afterwards, the defendants each filed an interlocutory appeal to the district court from the bankruptcy court's order denying their motions to dismiss. Granting defendants' motions for leave to appeal, the district court reversed the decision of the bankruptcy court and dismissed the trustee's complaints on the basis that the limitations period began to run when the debtor filed its Chapter 11 petition and became the debtor in possession. Since more than two years had passed since the filing of the Chapter 11 petition, the district court found that the statute of limitations had run against the trustee who had been in office for only twenty-one months. The trustee appealed to this court. We now reverse.

11 U.S.C. § 546(a), as it existed prior to the 1994 amendments to the Bankruptcy Code, contains the applicable statute of limitations. It provides that:

> An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced . . . two years after the appointment of a trustee under section 702, 1104, 1163, 1302, or 1202 of this title . . . .

11 U.S.C.A. § 546(a) (West 1993). On its face, the plain language of § 546(a) provides the trustee, Terlecky, who was appointed pursuant to 11 U.S.C. § 702, two years from the date of his appointment to bring adversary actions on behalf of the estate against recipients of allegedly fraudulent and preferential transfers.

Defendants argue on the basis of a complication added by 11 U.S.C. § 1107(a), which confers upon a debtor in

possession the same authority of a Chapter 11 trustee. That section provides:

> Subject to any limitations on a trustee serving in a case under this chapter, and to such limitations or conditions as the court prescribes, a debtor in possession shall have all the rights, . . . and powers, and shall perform all the functions and duties . . . of a trustee serving in a case under this chapter.

11 U.S.C. § 1107(a). The defendants argue that a debtor in possession not only has the same power as a trustee to avoid preferences and fraudulent transfers, but also has all of the limitations that the Code imposes upon trustees as well. Defendants then conclude that the language in § 1107(a) means that a debtor in possession is bound by § 546(a)(1)'s two-year limitations period, and further – and here is the rub – that the statute accrues and begins run against a later appointed trustee at the time the debtor in possession is appointed. In other words, the statute would have already run against a trustee if the debtor remains in possession for the first two years or more. But this is not what the statute says. First, nowhere does § 546(a) mention that a debtor in possession is limited by the same two-year statute of limitations. Section 546(a)(1) clearly states that its two-year statute of limitations applies to certain types of trustees who are appointed under specifically enumerated code sections. Second, even if we were to find that §1107(a) imposes a two-year limitations period on debtors in possession, it does not change the plain meaning of § 546(a)(1). As found by an earlier panel of this court, "it would simply mean that a second two-year period begins to run 'after the appointment of a trustee under section 702, 1104, 1163, 1302, or 1202 . . . .'" *In re W.M. Cargile Contractor, Inc.*, 145 F.3d 1335 (6th Cir. 1998) (unpublished) (quoting 11 U.S.C.A. § 546(a)(1) (West 1993)). We need not here decide when the limitations period runs against the debtor in possession. Instead, we conclude only that the plain meaning of the statute is that a two-year limitations period begins on the appointment of a trustee. If there is no appointed trustee, then

there is no limitations period running under § 546(a)(1). The statute does not run against a trustee yet to be in existence. If nothing else, the equitable doctrine of laches would provide a viable defense to bar avoidance actions when there is inexcusable delay by a debtor in possession.

For a number of reasons – other than the obvious paradox of running a statute of limitations against a nonexistent person who has as yet delayed nothing – it would be bad policy to start a statute running before the trustee assumes office. Debtors in possession are less likely to commence avoidance actions than appointed trustees because they are typically "more interested in preserving relationships with their creditors than in maximizing the size of the estate." *In re Maxway Corp.*, 27 F.3d 980, 984 (4th Cir. 1994); *see also Gleischman Sumner Co. v. King, Weiser, Edelman & Bazar*, 69 F.3d 799, 801 (7th Cir. 1995); *In re W.M. Cargile Contractor, Inc.*, 145 F.3d 1335 (6th Cir. 1998) (unpublished). A debtor in possession's goal is to successfully reorganize, creating incentives to accommodate vendors to continue business, which may mean forbearing from legal action against those who were paid in the months preceding a bankruptcy. Any exercise of avoiding powers by a debtor in possession does not assist in the goal of reorganization because there is no increase in the net wealth of the firm; rather, use of avoiding powers simply reallocates claims among creditors at the potential cost of business prospects. *See Gleischman Sumner Co.*, 69 F.3d at 801. Interpreting § 546(a)(1)'s limitations period to begin running upon appointment of a trustee thus "prevents any delay from commencement of [an avoidance] action from penalizing unsecured creditors who would benefit from the recovery of a preferential or fraudulent transfer." *In re Maxway Corp.*, 27 F.3d at 984. Moreover, a debtor in possession may have friends or family members he would like to prefer or enrich before or during the reorganization. Under the defendants' argument all he would have to do to accomplish such a scam is to let the statute run before converting to a straight bankruptcy. It is not a good idea to create such a set of incentives for shady dealing by accruing the statute of